


151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

April 8, 2024

t 212.370.6241
f 212.307.5598
REBugg@Venable.com

**VIA ECF**
Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Athalonz, LLC v. Under Armour, Inc.*, Case No. 1:24-mc-00047-DEH - Request to File Exhibits L – S to Athalonz's Notice of Supplemental Evidence and the Related Hearing Transcript Under Seal

Dear Judge Ho:

We write on behalf of Under Armour, Inc. ("Under Armour") regarding the filing of Exhibits L – S to Athalonz's Notice of Supplemental Evidence (Dkt. 29) under seal. Pursuant to Rule 6.d of your Honor's Individual Rules and Practices, Under Armour requests that these exhibits be filed under seal. Courts in the Second Circuit seal documents when there is a "specific and substantial reason" for sealing such materials. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Notably, the exhibits at issue were filed in relation to a discovery dispute, thus "the presumption of public access" is "lower than the presumption applied to material introduced at trial, or in connection with dispositive motions" and the reasons to seal "need not be as compelling as those required to seal summary judgment filings." *Id*. Exhibits L – S meet this standard as each contains confidential and proprietary Under Armour business information. More specifically:

- Exhibits L and N contain confidential meeting notes from design meetings between Under Armour employees and Bryce Harper. These notes include confidential and proprietary details of Under Armour's products, its design process, the construction and materials of its products and prototype products, Bryce Harper's role and feedback on the design, and details of Under Armour's marketing and branding strategy with respect to the Harper products. This information is sensitive and confidential business information that, if made public, could harm Under Armour.

- Exhibit S is a confidential Under Armour presentation provided to Mr. Harper regarding the development of the Harper products. This presentation contains confidential and proprietary details of Under Armour's products, its branding and marketing strategies, design influences, technical design features and materials used in the Harper products. This information is sensitive and confidential business information that, if made public, could harm Under Armour.



April 8, 2024
Page 2

- Exhibits M, P, Q and R are confidential photos taken of the participants, prototype products and/or presentation materials from these confidential meetings. This information is sensitive and confidential business information that, if made public, could harm Under Armour.

- Exhibit O contains a confidential photo, meeting notes and an Under Armour presentation provided to Mr. Harper regarding the development of the Harper products. This information is sensitive and confidential business information, as described with respect to the other exhibits above, that, if made public, could harm Under Armour.

Mr. Harper and Under Armour expect these meeting to be a private exchange of information for business purposes between the parties and that the information exchanged would not be disclosed to a larger audience. The documents should be filed under seal to protect the continued freedom of these exchanges for that process. These documents were also produced by Under Armour under the terms of a Protective Order entered into between Athalonz and Under Armour in the underlying litigation, Under Armour is merely a third-party to the current discovery dispute, and Athalonz and Mr. Harper do not oppose the requested relief to file under seal.

**Regarding the April 4th Hearing Transcript:** We also write to request that the portion of the transcript from the hearing conducted on April 4, 2024 wherein these confidential documents were discussed also be sealed for the same reasons as the documents themselves. Given that Under Armour is not a party to the above-captioned dispute, we understood that the Court would accept this letter request to maintain the confidential portions of the transcript from the April 4th hearing under seal, but if the Court would prefer, Under Armour can present a more formal motion requesting such relief.

Accordingly, Under Armour requests that Exhibits L – S to Athalonz's Notice of Supplemental Evidence, and the related hearing transcript wherein these exhibits were discussed, be filed under seal.

Respectfully submitted,

*Robert E. Bugg*

Robert E. Bugg

Application DENIED without prejudice to renewal.  "Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, conclusory statements that documents contain confidential business information are insufficient to justify sealing.  Rather, the moving party must make a particular and specific demonstration of factshowing [sic] that disclosure would result in an injury sufficiently serious to warrant protection." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2022 WL 17751466, at *2 (S.D.N.Y. Dec. 19, 2022) (cleaned up).  Harper/Under Armour may file a renewed motion by no later than **April 23, 2024**.  SO ORDERED.  The Clerk of Court is respectfully requested to terminate ECF No. 30.

Dale E. Ho
United States District Judge

New York, New York
Dated: April 9, 2024