UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHALONZ, LLC,<br><br>                              Plaintiff,<br><br>              v.<br><br>UNDER ARMOUR, INC.,<br><br>                              Defendant. | 24 Misc. 0047 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is a miscellaneous action to decide non-party Bryce Harper's ("Harper's") Rule 45 motion to quash Plaintiff Athalonz, LLC's ("Athalonz's") subpoena.[1]  It relates to a patent infringement dispute between Athalonz and Defendant Under Armour, Inc. ("Under Armour"), now pending in the Eastern District of Texas.  *See Athalonz, LLC v. Under Armour, Inc.*, No. 23 Civ. 00193 (E.D. Tex. filed Apr. 26, 2023).  For the reasons set forth below, Harper's motion to quash the subpoena is **GRANTED** without prejudice to Athalonz serving a renewed and revised subpoena if further discovery from Under Armour reveals that Harper is likely to possess relevant and non-duplicative information and documents.

## BACKGROUND

### A.  The Underlying Litigation

The subpoena at issue arises from litigation between Athalonz and Under Armour, wherein Athalonz claims that Under Armour willfully infringed five of Athalonz's patents relating to athletic shoes.  *See* Compl. ¶¶ 4, 8, 35, 40, ECF No. 5-1.  Athalonz is a small operating company that makes and sells patented sports footwear, including baseball cleats.  *See*

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

*id.* ¶¶ 6, 12-20.  Under Armour is an athletic brand that develops, markets, and distributes branded performance apparel.  *See* Spencer Hawkins Decl. ¶ 3, ECF No. 3.  Bryce Harper is a Major League Baseball player who sponsors a line of Under Armour baseball shoes in dispute in the underlying litigation.  Mem. of Law Supp. Mot. to Quash ("Harper's Br.") 1, 3, ECF No. 9. As relevant here, Athalonz asserts that at least the following Harper products infringe two of its patents: all models and cleat pattern variations of the shoes entitled "Harper 5," "Harper 6," "Harper 7," and "Harper 8," and any past or future releases that contain the same features (collectively, "Accused Harper Products").  *See* Pl.'s Opp'n to Bryce Harper's Mot. to Quash ("Pl.'s Opp'n") 3, ECF No. 12.  Fact discovery in the underlying dispute is scheduled to end in October 2024, with trial set to occur in March 2025.  *See* Harper's Br. at 4.

The parties place in dispute the relevance of an order issued by Chief Judge Rodney Gilstrap, who presides over the underlying dispute in the Eastern District of Texas.  *See* Pl.'s Opp'n 12; Harper's Reply Mem. of Law Supp. Mot. to Quash ("Harper's Reply") 5, ECF No. 15. In it, Judge Gilstrap denied Under Armour's motion to transfer the case from the Eastern District of Texas to the District of Maryland, where Under Armour is headquartered.  *See Athalonz, LLC v. Under Armour, Inc.*, No. 23 Civ. 00193, 2023 WL 8809293 (E.D. Tex. Dec. 20, 2023).  In denying the motion, Judge Gilstrap afforded significant weight to public representations made by and about professional golfer Jordan Spieth's ("Spieth's") involvement in designing Under Armour golf shoes that, like the shoes at issue in this case, allegedly infringe Athalonz's patents. *Id.* at *5-6.  Judge Gilstrap held that "Spieth's testimony would be relevant and highly material to Athalonz's case" because it "may inform nonobviousness arguments and damages calculations."  *Id.* at *5.  Judge Gilstrap noted that the likely relevance of that testimony weighed against transfer to Maryland, as the court sought to ensure that it would be able to compel Spieth

2

to attend a deposition "at a location that is both in the Eastern District of Texas [where Judge Gilstrap presides] and within 100 miles from [Spieth's] residence in Dallas." *Id.* at *6.

## B. Athalonz's Subpoena

On January 4, 2024, Athalonz issued a subpoena to Harper ("the Subpoena"), with a proposed deposition date of February 5, 2024.  *See* Notice of Subpoena to Bryce Harper 1, ECF No. 5-4.  The Subpoena included a request for production of the following documents:

**[Request No. 1:]** All Documents or communications that describe or refer to this Litigation, Athalonz, the Asserted Patents, or the Athalonz Products.

**[Request No. 2:]** All Documents or communications that describe, refer, or otherwise relate to Your role in the design, development, and testing of the Accused Harper Products.

**[Request No. 3:]** All Documents or communications that describe, refer, or otherwise relate to Your role in the marketing, advertising, promotion, and/or sale of the Accused Harper Products.

**[Request No. 4:]** All Documents or communications that describe, refer, or otherwise relate to the value or benefits of the Accused Harper Products, particularly as compared to other Under Armour baseball shoes or other baseball shoes available on the market.

**[Request No. 5:]** All Documents or communications that describe or refer to the market for baseball shoes in the United States.

**[Request No. 6:]** All Documents or communications that describe or refer to sales of the Accused Harper Products, including documents discussing pricing, margins, costs, strategies for sales, as well as comparing sales of the Accused Harper Products against sales of other Under Armour baseball shoes or competitive baseball shoes.

**[Request No. 7:]** Your contracts, draft agreements, and communications related to Your role as a sponsor of the Accused Harper Products, including documents sufficient to show the amount and terms of payment You receive from Under Armour.

**[Request No. 8:]** All Documents and communications related to any agreements or potential agreements relating to the Litigation between You and Under Armour or Venable LLP.

Harper Subpoena 6-7.

On January 23, 2024, Harper filed his response, objecting to each of Athalonz's requests as irrelevant or "overly broad, unduly burdensome, not proportional to the claims and defenses in this litigation, and indefinite as to scope and time period."  Bryce Harper's Objections & Responses 1, 4-9, ECF No. 5-3.  Harper stated that he is "unaware, has no knowledge, and is not in possession of the vast majority of [documents] requested."  *Id.* at 2.  Contending that "Under Armour is the proper party to produce the relevant responsive documents[,]" Harper further objected on the grounds that "Athalonz has articulated no need for Harper to produce the same [requested] documents Under Armour has already agreed to produce, or has produced, in response to Athalonz's requests."  *Id.*

On January 29 and 30, 2024, Harper filed the instant motion to quash the Subpoena.  *See* Harper's Br. 1-3.  Athalonz opposes the motion and asks this Court to set dates by which Harper must produce the requested documents and sit for a deposition.  Pl.'s Opp'n 21.  On April 4, 2024, the parties appeared before the Court for oral argument.  *See* March 28, 2024 Order, ECF No. 22.  On the record before the Court, Athalonz confirmed that it has yet to seek an individual or Rule 30(b)(6) deposition from Under Armour.

## LEGAL STANDARDS

Motions to quash a subpoena are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).[2]  "Federal Rule of Civil Procedure 45 permits a party to command a

---

[2] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

non-party to produce documents and provide deposition testimony." *Cohen v. Grp. Health Inc.*, No. 22 Misc. 0200, 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022) (citing Fed. R. Civ. P. 45(a)).  "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34[, which governs discovery between parties,] rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020).

"The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Cohen*, 2022 WL 4534552, at *2. "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).  "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018).  "[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013).  Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon*, 336 F.R.D. at 69.

**DISCUSSION**

On the record before the Court, the balance of factors weighs in favor of granting Harper's motion to quash the Subpoena.

On the record before the Court, Athalonz has not adequately demonstrated that Harper has relevant knowledge about the patent infringement dispute at issue.  Harper has offered evidence—including a declaration from a senior design lead at Under Armour—stating that Harper lacks any knowledge relevant to the parties' patent infringement dispute.  *See* Hawkins Decl. ¶¶ 5-6 ("Mr. Harper does not design the shape of the sole, or any other component" of the shoes and "does not choose the materials used in the sole, or any other component" of the shoes); Michael Fiore Decl. ¶ 5, ECF No. 4 (Mr. Harper was "not involved in the design or development of the Accused Harper Products.").  The evidence submitted by Athalonz and raised during oral argument fails either to cast doubt on that sworn testimony, or to support Athalonz's contention that Harper would be able to provide testimony relevant to the patent infringement dispute.  *See, e.g.*, Pl.'s Opp'n 5-6 (listing marketing statements describing Harper as generally involved in Under Armour's shoe design process); *see generally* Suppl. Evid. in Opp'n Mot. to Quash, ECF No. 29 (demonstrating that Under Armour sought and incorporated general feedback from Harper).  While Athalonz is no doubt entitled to test the accuracy of the declarations submitted in support of Harper's motion to quash, it must do so in the first instance by requesting discovery from its party opponent.  *See Burns v. Bank of Am.*, No. 03 Civ. 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34").

Even if the Court were to find for Athalonz on relevance, Harper has successfully demonstrated that the Subpoena would be unduly burdensome.  First, because non-party status is a "significant in determining whether compliance with a discovery demand would constitute an

6

undue burden," Harper's non-party status weighs heavily in his favor. *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988), *aff'd*, 870 F.2d 642 (Fed. Cir. 1989).  Second, on the record before the Court, it appears that any testimony or documents Harper could provide would be duplicative of discovery that Athalonz may obtain from its party opponent.  *See, e.g.*, Robert E. Bugg Decl. Ex. 6 at 2, ECF No. 5-6 (demonstrating that Athalonz directed substantially similar requests to Under Armour); Robert E. Bugg Decl. Ex. 7 at 4, ECF No. 5-7 (same).  That the documents Athalonz seeks from Harper are likely "available from other sources" weighs further in Harper's favor.  *Archer*, 2018 WL 3424449, at *1; *see Burns*, 2007 WL 1589437, at *14 (granting a motion to quash a subpoena where the plaintiffs' demands were "clearly duplicative").  Third, while Athalonz suggests that it is willing to narrow the scope of its document requests, *see* Pl.'s Opp'n 19, its requests as they stand now are limited neither by time nor by the claims and defenses in this action—and even if relevant, such requests are outweighed by the burden on Harper of responding to indiscriminately broad claims.  *See generally* Harper Subpoena.  Balancing "relevance, [Athalonz's] need for the [requested] documents, whether the documents are available from other sources[, i.e., Under Armour], the particularity with which the documents are described, and costs [to Harper]," the Court concludes that compelling the Subpoena would be overly burdensome to Harper.  *See Archer*, 2018 WL 3424449, at *1.

"In the end, Under Armour is the one that is selling whatever products that [Harper] may or may not have designed, and it is Under Armour against whom [Athalonz] is litigating [its patent] dispute."  *Under Armour, Inc. v. Battle Fashions, Inc.*, No. 18 Misc. 80117, 2018 WL 3689664, at *5 (N.D. Cal. Aug. 3, 2018) (granting professional athlete Stephen Curry's motion to quash under similar circumstances).  Athalonz fails to demonstrate why Harper's non-party deposition should proceed now, before it has determined what non-duplicative information Harper may provide.  Fact discovery does not close in this case until October 2024; accordingly,

there remains sufficient time for Athalonz to pursue depositions and document discovery from Under Armour to support the contention that Harper possesses non-duplicative documents and testimony that may be relevant to the underlying patent infringement dispute.

Athalonz suggests that the Court should pay persuasive deference to Judge Gilstrap's order denying Under Armour's motion to transfer in part based on the apparent relevance of Jordan Spieth's testimony.  *See* Pl.'s Opp'n 12-13.  As discussed at oral argument, Judge Gilstrap did not have before him any record contradicting various marketing materials describing Spieth's purported involvement in designing the allegedly infringing products.  By contrast, here, Harper has submitted two declarations unequivocally supporting his claim that he was not involved in designing any element of the Accused Harper Products that implicate the patent dispute.  *See generally* Hawkins Decl.; Fiore Decl.  As discussed *supra*, to the extent Athalonz wishes to challenge the accuracy of that sworn testimony, it may do so by seeking discovery from its party opponent.[3]

## CONCLUSION

For the reasons discussed herein, the Court **GRANTS** Harper's Motion to quash Athalonz's Subpoena,[4] without prejudice to Athalonz serving a new subpoena if, after additional party discovery such as depositions of Under Armour employees, it develops a foundation for its belief that Harper possesses unique, non-duplicative knowledge of facts relevant to its claims.  If Athalonz decides to serve a renewed subpoena, it must first meet and confer with Harper to

---

[3] One of the declarants, Mr. Fiore, does not appear to be directly associated with a party in the underlying patent litigation.  The Court expresses no opinion on the propriety of a Rule 45 subpoena directed to Mr. Fiore at this time.

[4] To the extent that Athalonz's Opposition may be construed as a cross-motion to compel Harper's compliance with the Subpoena, it is **DENIED**.

discuss the scope of that subpoena, and the parties shall file a joint discovery letter updating the Court.

The Clerk of Court is directed to terminate ECF No. 1.  The case will remain open pending the Court's decision on the outstanding motion to seal.  *See* ECF No. 27.

SO ORDERED.

Dated: April 10, 2024
      New York, New York

DALE E. HO
United States District Judge