

April 23, 2024

**t** 212.370.6241
**f** 212.307.5598
REBugg@Venable.com

**VIA ECF**
Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Application GRANTED. The Court adopts Under Armour's reasoning by reference, in particular noting that Harper's privacy interests as an "innocent third part[y]" has "weigh[ed] heavily in [the] court's balancing" of interests. *United States v. Amodeo*, 71 F .3d 1044, 1050 (2d Cir. 1995) (cleaned up). SO ORDERED. The Clerk of Court is respectfully requested to terminate ECF No. 33 and to close the case.
>
> Dale E. Ho
> United States District Judge
>
> New York, New York
> Dated: April 29, 2024

Re:   *Athalonz, LLC v. Under Armour, Inc.*, Case No. 1:24-mc-00047-DEH – Renewed Request to File Exhibits L – S to Athalonz's Notice of Supplemental Evidence and the Related Hearing Transcript Under Seal

Dear Judge Ho:

We represent Defendant Under Armour, Inc. ("Under Armour") in the above-referenced matter. Pursuant to your Honor's Order Denying Under Armour's Letter Motion to Seal Exhibits L-S (Dkt. 31) issued April 10, 2024, we hereby file this renewed, unopposed, Motion requesting that the Court seal Exhibits L-S to Athalonz's Notice of Supplemental Evidence (Dkt. 29). The Exhibits all contain sensitive and proprietary business information that Under Armour has an interest in shielding from public disclosure in order to prevent competitive harm. More specifically:

> ➢ Exhibits L and N contain confidential meeting notes from design meetings between Under Armour employees and Bryce Harper. These notes include confidential and proprietary details of Under Armour's products, its design process, the construction and materials of its products and prototype products, Bryce Harper's role and feedback on the design, and details of Under Armour's marketing and branding strategy with respect to the Harper products. This information is sensitive and confidential business information that, if made public, could harm Under Armour.

**VENABLE** LLP

Hon. Dale E. Ho
April 23, 2024
Page 2

> ➢ Exhibit S is a confidential Under Armour presentation provided to Mr. Harper regarding the development of the Harper products. This presentation contains confidential and proprietary details of Under Armour's products, its branding and marketing strategies, design influences, technical design features and materials used in the Harper products. This information is sensitive and confidential business information that, if made public, could harm Under Armour.
>
> ➢ Exhibits M, P, Q and R are confidential photos taken of the participants, prototype products and/or presentation materials from these confidential meetings. This information is sensitive and confidential business information that, if made public, could harm Under Armour.
>
> ➢ Exhibit O contains a confidential photo, meeting notes and an Under Armour presentation provided to Mr. Harper regarding the development of the Harper products. This information is sensitive and confidential business information, as described with respect to the other exhibits above, that, if made public, could harm Under Armour.

Sealing the Exhibits is appropriate pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Although there is a "common law right of public access to judicial documents," this right is not absolute and courts "must balance competing considerations against it." *Id.* "[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021); *see Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) ("Established factors and values that can outweigh the presumption of public access include … business secrecy … and privacy interests."); *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *5-6 (S.D.N.Y. Nov. 2, 2017) ("Confidential business information that might harm a litigant's competitive standing may warrant protection from disclosure.") (internal citations omitted).

Under Armour's request to seal is "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted). As described above, Exhibits L-S consist of documents containing (1) confidential notes from meetings between Under Armour and Bryce Harper, which include proprietary details of Under Armour's products, its design processes, and branding strategies; (2) confidential photos taken of the participants, prototype products and/or presentation materials from these confidential meetings; and (3) presentations provided to Mr. Harper regarding the development of the Harper products, including technical

VENABLE LLP

Hon. Dale E. Ho
April 23, 2024
Page 3

design features, materials used, and marketing strategies therefor. Under Armour views this information has highly sensitive and proprietary information.

Carefully curated athletic sponsorships are vital to Under Armour's business, the confidentiality of which provides Under Armour with a unique industry advantage. As such, Under Armour recognizes that privacy and confidentiality are important topics for professional athletes, whose business affairs are generally not made available for public consumption. Allowing public access to the private meetings between Under Armour and Mr. Harper—whose celebrity status makes the records even more sensitive—would impede both the confidential nature of Mr. Harper's endorsement deal and the free exchange of information necessary for the commercial success of the Harper products. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up). Mr. Harper and Under Armour expect these meeting to be a private exchange of information for business purposes between the parties and that the information exchanged would not be disclosed to a larger audience. The documents should be filed under seal to protect the continued freedom of these exchanges for that process. Moreover, disclosure could harm other current and potential future athletic sponsorships, given professional athletes rely upon Under Armour to maintain the confidentiality of their business affairs.

Additionally, the presumption of public access does not outweigh the competitive harm that could result from disclosure of Under Armour's confidentiality information. *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012). Each of the Exhibits contain confidential and sensitive business information regarding the design and marketing of Under Armour's Harper products, as well as their prototypes, construction and materials used. Under Armour does not share this information with the public or with competitors, and if competitors were to acquire this information, they would gain improper insight into Under Armour's strategic thinking and design process. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts ….").

Finally, Under Armour's request will not impede the public's access to information relevant to the above-captioned litigation. The information contained in the Exhibits has no bearing on Athalonz's claims of alleged patent infringement. Rather, the exhibits at issue were filed in relation to a discovery dispute, thus "the presumption of public access" is "lower than the presumption applied to material introduced at trial, or in connection with dispositive motions" and the reasons to seal "need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Because there is little to no public interest in disclosure of information not at issue in the case, Under Armour's motion should be granted.



Hon. Dale E. Ho
April 23, 2024
Page 4

**Regarding the April 4th Hearing Transcript**: We also write to request that the portion of the transcript from the hearing conducted on April 4, 2024, wherein these confidential documents were discussed, also be sealed for the same reasons as the documents themselves.

For the foregoing reasons, Under Armour respectfully asks the Court to seal Exhibits L-S to Athalonz's Notice of Supplemental Evidence, and the related transcript wherein these exhibits were discussed.

                                                  Respectfully submitted,

                                                  *s/ Robert E. Bugg*

                                                  Robert E. Bugg